UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TEESIA WILLIAMS,
    Plaintiff,

v.

TARGET CORPORATION a/k/a TARGET
STORES, INC.,
    Defendant.

No. 17-cv-1263 (VAB)

**RULING AND ORDER ON MOTION FOR REMAND**

Teesia Williams ("Plaintiff") and Target Corporation ("Defendant" or "Target") have jointly moved the Court to remand this case to Connecticut Superior Court. ECF. No. 11.

For the reasons that follow, the motion is **GRANTED**.

**I.    BACKGROUND**

While shopping one day at a Target store, Ms. Williams allegedly slipped on water "or other slippery substance on the floor" in the fruit aisle of the supermarket, resulting in severe injuries. Compl. ¶ 3, ECF No. 1-1. Ms. Williams then brought a negligence suit in Connecticut Superior Court seeking money damages from Target. *Id.* ¶ 4. She allegedly sustained a medial and lateral meniscus tear in her left knee, causing her pain and mental anguish, and causing her to incur various medical bills relating to caring for her injury. *Id.* ¶ 6–7. Ms. Williams did not quantify her damages, other than to state she seeks "monetary damages." *Id.* at 4.

Target removed the case to this Court, invoking federal diversity jurisdiction under 28 U.S.C. § 1332(a). Def.'s Notice of Removal at 1, ECF No. 1. Target alleged that "any award in favor of the Plaintiff could potentially exceed the jurisdictional threshold of $75,000." *Id.* ¶ 2.

The company further alleged that Ms. Williams is domiciled in Windsor, Connecticut, *id.* ¶ 3, while Target's principal place of business is Minneapolis, Minnesota, *id.* ¶ 4. Target argued that removal was proper because there was diversity of citizenship between the parties and the amount in controversy met the jurisdictional threshold. *Id.* ¶ 5.

On September 12, 2017, Ms. Williams and Target jointly moved the Court to remand the case to Connecticut Superior Court. J. Mot. at 1, ECF No. 11. In support of their motion, the parties provided a Joint Stipulation, signed and agreed to by Ms. Williams, in which she agrees not to seek a judgment in this action against Target for an amount greater than $75,000. *Id.* ¶ 1, ECF No. 11-1. Ms. Williams further agrees that no judgment shall enter against Target for a sum greater than $75,000, exclusive of interest and costs, and should the finder of fact return a verdict in Ms. Williams's favor in an amount greater than $75,000, the verdict will be reduced to $75,000 and judgment will enter for that amount, exclusive of interest and costs. *Id.* ¶ 2. Finally, Ms. Williams agrees that should she see seek to join additional defendants to this action who were agents, employees, or servants of Target, the total judgment or award as against all defendants shall not exceed $75,000, again, exclusive of interest and costs. *Id.* at 3.

II. **STANDARD OF REVIEW**

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Defendant has the burden of demonstrating that removal of a case to federal court is proper. *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). The Court must "resolve any doubts against removability," out of "respect for the limited jurisdiction of the federal courts and the rights of states." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks omitted).

## III. DISCUSSION

The issue is whether a plaintiff in a diversity case may secure a post-removal remand to state court by stipulating that the amount-in controversy is less than the diversity threshold of $75,000. Because Ms. Williams now has stipulated that the amount in controversy is not greater than $75,000, exclusive of interests and costs, both parties argue that the Court lacks subject matter jurisdiction. J. Mot. at 1. The Court agrees.

"[T]he existence of federal subject matter jurisdiction over an action removed from state court to federal court is normally to be determined as of the time of removal." *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009). Typically, the amount in controversy is established by the face of the complaint and the dollar-amount actually claimed. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). The Second Circuit "recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 116 (2d Cir. 2002).

Where, as here, "the pleadings are inconclusive," "courts may look to documents outside the pleadings to other evidence in the record to determine the amount in controversy." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010). "[F]ederal courts permit individual plaintiffs,

who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement," so long as the stipulation is "legally binding on all plaintiffs." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013). The Second Circuit, however, has also made "clear that a plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000.00 or less once the jurisdictional threshold has been satisfied." *Luo*, 625 F.3d at 776; Order Den. Pl.'s Mot. for Remand 7, *Jackson v. First Niagara Bank*, 16-cv-1479 (VAB) (D. Conn. Sept. 22, 2017), ECF No. 34.

As filed, Ms. Williams's Complaint is inconclusive as to amount in damages she seeks. *See* Compl. at 4 ("[P]laintiff claims monetary damages."). Stating that "any award in favor of the Plaintiff could potentially exceed the jurisdictional threshold" given Ms. Williams's claims, Target's notice of removal underscores the Complaint's inconclusiveness as to the sum of damages Ms. Williams seeks. Notice of Removal at ¶ 2. In light of the Complaint's vagueness, Ms. Williams stipulated that she will not seek a money judgment in an amount that exceeds $75,000. *See generally* J. Stip.

As a result, the parties have shown that the amount in controversy is insufficient under 28 U.S.C. § 1332. *See Hayes v. Pfizer, Inc.*, No. 3:15-CV-1854 (MPS), 2016 WL 1363623, at *2 (D. Conn. Apr. 6, 2016) ("Plaintiff's stipulation suffices to refute any preponderance showing that her claim amounts to more than $75,000 in damages."). The stipulation here clarifies, rather than amends, an otherwise ambiguous amount in controversy. *See Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 85 (D. Conn. 2014) ("This approach does not run afoul of the rule that a plaintiff may not reduce a monetary demand to defeat federal diversity jurisdiction that otherwise properly existed. Rather, the stipulation does no more than evidentially clarify an amount in

controversy that is otherwise ambiguous."); (citing *Ryan v. Cerullo*, 343 F. Supp. 2d 157, 159 (D. Conn. 2004) ("[A] 'clarifying' stipulation is therefore in accord with the fundamental principle of removal jurisdiction that whether subject matter jurisdiction exists must be answered by looking to the complaint as it existed at the time the removal petition was filed.")).

Out of "respect for the limited jurisdiction of the federal courts," this case therefore is remanded to Connecticut Superior Court. *MTBE*, 488 F.3d at 124 (internal quotation marks omitted); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## IV. CONCLUSION

For the foregoing reasons, the joint Motion for Remand is **GRANTED**. This case shall be remanded immediately to the Superior Court of Connecticut, Judicial District of Hartford at Hartford. The Clerk is instructed to close this matter.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of October, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE